UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN BERNARD McPHAIL,

           Petitioner,

-vs-                                                                      Case No.  8:07-cv-112-T-24TGW

SECRETARY, DEPT. OF CORRECTIONS,

           Respondent.
_____/

## **ORDER**

      This cause is before the Court on Petitioner Steven Bernard McPhail's 28 U.S.C. § 2254 petition for writ of habeas corpus. McPhail challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida. A review of the record demonstrates that, for the following reasons, McPhail's petition must be denied.

Procedural Background

      On July 10, 2002, in Case No. CrCO2-1672FAES, the State charged McPhail by Information with one count of robbery, a second degree felony, pursuant to section 812.13, Florida Statutes. (Exh 25: Vol. 1: R 9-10).[1] On September 25, 2002, McPhail proceeded to a jury trial on the robbery charge. The jury found McPhail guilty of robbery as charged. (Exh 25: Vol. 1: R 56). On October 30, 2002, the state trial court sentenced McPhail to thirty years incarceration with a fifteen-year minimum mandatory sentence as a habitual felony offender.[2]

---

[1] Respondent filed the four-volume record on direct appeal as Respondent's Exhibit 25. The documentary record is contained in volumes 1, 3, and 4, and is referred to by volume number followed by the clerk's number located in the bottom right hand corner of the page. The trial transcript is contained in volume 2.

[2] McPhail was also charged with possession of cocaine and possession of paraphernalia in Case No. CRC02-1674. He pled guilty to those offenses was sentenced to a one-year prison sentence for possession

(Exh 25: Vol. 1: R 86-91).

McPhail appealed the conviction and sentence. Before any briefs were filed, appellate counsel filed a motion to correct sentencing error in the state trial court pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure, arguing that it was error to sentence McPhail to a fifteen-year minimum mandatory sentence. (Exhibit 1).  On October 8, 2003, the state trial court granted the motion to correct sentencing error and amended the sentence by removing the fifteen-year minimum mandatory provision. (Exhibit 2).

On October 20, 2003, the state district court of appeal directed McPhail's appellate counsel to file the initial brief on direct appeal in Case No. 1672FAES, (Exhibit 3), which counsel did, raising one issue: "Whether the trial court correctly denied Appellant's motion for judgment of acquittal." (Exhibit 4). On March 19, 2004, in Case No. 2D02-5421, the state district court of appeal per curiam affirmed the conviction and sentence. (Exhibit 6). *McPhail v. State*, 875 So. 2d 614 (Fla. 2d DCA 2004)[table].

On July 14, 2004, McPhail filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, raising four grounds for relief. (Exhibit 8). On August 19, 2004, the state trial court summarily denied all four grounds.[3]  (Exhibit 9). McPhail appealed the adverse ruling.  On April 6, 2005, in Case No. 2D04-4728, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exhibit 10). *McPhail v. State*, 2005 Fla. App. LEXIS 4721 (Fla. 2d DCA 2005)[table]. The mandate issued April 26, 2005. (Exhibit 11).

---

of cocaine. He does not appear to be challenging that conviction in the instant federal proceeding.

[3] The state trial court denied the fourth ground in the motion without prejudice.

On August 11, 2005, McPhail filed an amended Rule 3.850 motion, presenting an expanded version of the ineffective assistance of counsel claim raised in ground four of the initial Rule 3.850 motion. (Exhibit 12). On October 17, 2005, the state trial court summarily denied the amended motion for lack of merit.[4] (Exhibit 13).

Meanwhile, on September 1, 2005, in Case No. 02-1672CFAES only, McPhail filed a second motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). (Exhibit 14). McPhail claimed his counsel in the initial motion to correct sentence had argued that the habitual offender designation must be removed because McPhail did not qualify for that enhanced sentence.  On October 17, 2005, the same day the state trial court denied McPhail's amended Rule 3.850 motion, the state trial court also denied McPhail's second motion to correct sentence. (Exhibit 15). The state trial court correctly found that McPhail's trial counsel never challenged the habitual felony offender qualifications and the claim was, therefore, without merit. McPhail filed a motion for rehearing, arguing that his sentence for possession of cocaine in Case No. 02-1674CFAES was illegal because Florida law prohibits habitual felony offender enhancement for possession of cocaine. (Exhibit 16). The state trial court denied the motion for rehearing on December 8, 2005, pointing out that the habitual offender designation had been removed from the possession of cocaine sentence on June 11, 2003. (Exhibit 17). McPhail appealed the adverse ruling on the motion to correct illegal sentence. (Exhibit 18). On April 5, 2006, in Case No. 2D06-279, the state district court of appeal per curiam affirmed the denial of "sentencing relief." (Exhibit 19). *McPhail v. State*, 926 So. 2d 1283 (Fla. 2d DCA 2006)[table]. The mandate issued April 26, 2006. (Exhibit 20).

---

[4] It appears McPhail did not appeal this ruling because his notice of appeal lists only the order denying his motion to correct illegal sentence. (See Respondent's Exhibit 18).

On August 5, 2006, McPhail filed another motion to correct sentence, claiming his thirty-year sentence was illegal under state law. (Exhibit 21). On July 19, 2006, the state trial court summarily denied the motion, on the merits. (Exhibit 22). McPhail appealed. On November 8, 2006, in Case No. 2D06-3525, the state district court of appeal per curiam affirmed the order denying relief. (Exhibit 23). *McPhail v. State*, 941 So. 2d 378 (Fla. 2d DCA 2006)[table]. The mandate issued November 29, 2006. (Exhibit 24).

McPhail timely signed the present § 2254 petition on December 26, 2006. The petition raises two grounds for relief: (1) McPhail's constitutional right to due process was violated when he did not receive "notice of enhanced penalty as a habitual felony offender"; and (2) McPhail's constitutional liberty interests were violated when the principle co-defendant received only a 27-month sentence.

## Discussion

### Ground One

McPhail contends his constitutional right to due process was violated when he did not receive notice of an enhanced penalty as a habitual felony offender. This claim has no merit because it does not present a federal constitutional issue. Federal courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims that are not based upon a violation of the United States Constitution are not cognizable in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). *Barclay v. Florida*, 463 U.S. 939 (1983). *See also Wainwright v. Goode*, 464 U.S. 78 (1983); *Engle v. Isaac*, 456 U.S. 107 (1982). Errors which do not infringe upon federally protected rights provide no basis for federal habeas corpus relief. It is well-settled in this circuit that federal courts cannot review a state's

alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan,* 861 F.2d at 1508. McPhail cannot obtain relief from this Court on a claim that notice of habitual felony offender enhancement was inadequate.

Furthermore, ground one is procedurally barred. McPhail asserts he presented this issue to the state courts in his direct appeal and motion to correct illegal sentence filed in August 2006. (See § 2254 petition at pp. 6, 7). However, a review of McPhail's initial brief on direct appeal and motion to correct sentence filed August 5, 2006, shows that no such issue was raised. On direct appeal, McPhail argued only that his motion for judgment of acquittal in the strong-arm robbery case should have been granted;  in his August 5, 2006 motion to correct sentence, he argued that Florida law prohibits the imposition of a thirty-year sentence for a second degree felony. (*See* Respondent's Exhibits 4 and 21).

A claim is procedurally barred (1) when the state court applies a state procedural rule to bar consideration of the federal claim, or (2) when the petitioner never raised the claim in state court, but it is obvious that the state courts would hold it to be procedurally barred if it were raised now. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).[5] Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or establish the kind of fundamental miscarriage of justice occasioned by

---

[5] The failure to receive adequate notice of sentence enhancement is a procedural issue which should be raised on direct appeal. *Payton v. State*, 810 So. 2d 539, 540 (Fla. 5th DCA 2002).

a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

McPhail fails to allege and prove cause and prejudice or manifest injustice. Moreover, the record reflects McPhail's counsel was properly served with notice of the State's intent to seek habitual offender sentencing on August 1, 2002, prior to trial. (Exh 25: Vol. 1: R 15).

Ground one does not warrant habeas corpus relief.

## Ground Two

McPhail contends his constitutional liberty interest was violated when his co-defendant received only a 27- month prison sentence under the sentencing guidelines. Like the claim in ground one, this claim is procedurally barred because McPhail has never raised a disparity of sentencing issue in the state courts. Moreover, McPhail's allegation does not present a constitutional issue. The claim is insufficient on its face to state a claim for relief. The mere allegation, without more, that a co-defendant received a lesser sentence than McPhail received will not support a finding of constitutional deprivation.

McPhail does not specify the difference in each defendant's situation, such as prior criminal history, extent of participation in the crime, or cooperation with law enforcement or the prosecutor. *See, e.g., United States v. Cavender*, 228 F.3d 792 (7th Cir. 2000) (whether defendant's sentence was disproportionate to those of his codefendants was not valid claim under Eighth Amendment; differences in sentences stemmed from differences in defendants' criminal histories and personal backgrounds, and not from Eighth Amendment violation); *Terry v. Trippett*, 62 F.3d 1418 (6th Cir. 1995) (unpublished) (mere disparity of a sentence even

among codefendants does not in and of itself suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants); *United States v. Granados*, 962 F.2d 767, 774 (8th Cir. 1992)("A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own . . ."), *reversed on other grounds*, 168 F.3d 343 (8th Cir. 1999) (granting post-conviction relief for ineffective assistance of counsel); *United States v. Jackson*, 959 F.2d 81, 83 (8th Cir.) (affirming the defendant's sentence although it was twice as long as that received by the conspiracy ringleader who entered a plea agreement and cooperated with government), *cert. denied*, 506 U.S. 852 (1992); *United States v. Lemons*, 941 F.2d 309 (5th Cir. 1991); *United States v. Wayne,* 903 F.2d 1188, 1198 (8th Cir. 1990).

Ground two does not warrant habeas corpus relief.

**Accordingly, the Court orders**:

That McPhail's petition is denied. The Clerk is directed to enter judgment against McPhail and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274,

282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 25, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Steven Bernard McPhail